*POSTED ON WEBSITE*
*NOT FOR PUBLICATION*

## UNITED STATES BANKRUPTCY COURT

## EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| In re | ) | Case No. 20-20430-E-13 |
| | ) | Docket Control No. BLG-7 |
| RAFAEL PALOS DE LA TORRE, | ) | |
| | ) | |
| Debtor. | ) | |
| | ) | |

**This Memorandum Decision is not appropriate for publication.**
**It may be cited for persuasive value on the matters addressed.**

### MEMORANDUM OPINION AND DECISION

The Motion to Value[1] filed by Rafael Palos De La Torre ("Debtor") to value the secured claim of Quarterspot, Inc. ("Creditor") is accompanied by Debtor's declaration. Declaration, Dckt. 41. Debtor is the owner of the subject real property commonly known as 8162 Hallwood Blvd., Marysville, California ("Property"). Debtor seeks to value the Property at $462,500.00 as of the petition filing date. Debtor seeks to value Creditor's secured claim at $0.00 on the basis that after subtracting the superior lien in the amount of $492,301.19, there is no remaining equity in the

---

[1] The Proof of Service (Dckt. 55) states that the Motion and supporting pleadings were served on Debtor's Attorney, Chapter 13 Trustee, Creditor, parties requesting special notice, and Office of the United States Trustee on March 31, 2020. By the court's calculation, 28 days' notice was provided. 28 days' notice is required.

The Motion to Value Collateral and Secured Claim has been set for hearing on the notice required by Local Bankruptcy Rule 9014-1(f)(1). Failure of the respondent and other parties in interest to file written opposition at least fourteen days prior to the hearing as required by Local Bankruptcy Rule 9014-1(f)(1)(B) is considered to be the equivalent of a statement of nonopposition. *Cf. Ghazali v. Moran*, 46 F.3d 52, 53 (9th Cir. 1995) (upholding a court ruling based upon a local rule construing a party's failure to file opposition as consent to grant a motion).

Property.  As the owner, Debtor's opinion of value is evidence of the asset's value. *See* FED. R. EVID. 701; *see also Enewally v. Wash. Mut. Bank (In re Enewally)*, 368 F.3d 1165, 1173 (9th Cir. 2004).

Creditor's interest in the Property is a judgment lien which was recorded with the Yuba County Recorder on January 7, 2020, Doc. # 2020-000283, for the judgment in California Superior Court, County of Yuba, Case No. CVCV1900214 (as stated on the Abstract of Judgment). Exhibit A, Dckt. 42.

No opposition or response was filed to this Motion.  The court continued the hearing from the original May 12, 2020 date to allow Debtor to correct a clerical error.  Upon review of the corrected documents, no opposition having been filed, and the defaults of the non-responding parties having been entered at the May 12, 2020 hearing; the court determines that oral argument will not be of assistance in ruling on the Motion.

## DISCUSSION

The valuation of property that secures a claim is the first step, not the end result of this Motion brought pursuant to 11 U.S.C. § 506(a).  The ultimate relief is the valuation of a specific creditor's secured claim.

11 U.S.C. § 506(a) instructs the court and parties in the methodology for determining the value of a secured claim.

> (a)(1)  An **allowed claim of a creditor** secured by a lien on property in which the estate has an interest, or that is subject to setoff under section 553 of this title, **is a secured claim to the extent of the value of such creditor's interest in the estate's interest in such property**, or to the extent of the amount subject to setoff, as the case may be, and is an unsecured claim to the extent that the value of such creditor's interest or the amount so subject to set off is less than the amount of such allowed claim. Such value shall be determined in light of the purpose of the valuation and of the proposed disposition or use of such property, and in conjunction with any hearing on such disposition or use or on a plan affecting such creditor's interest.

11 U.S.C. § 506(a) (emphasis added).  For the court to determine that creditor's secured claim (rights and interest in collateral), that creditor must be a party who has been served and is before the court. U.S. Constitution Article III, Sec. 2 (case or controversy requirement for the parties seeking relief from a federal court).

///

**NO OPPOSITION**

Creditor has not filed an Opposition.

Trustee filed a Response, advising the court that Creditor has filed Amended Proof of Claim No. 5-2. Dckt. 76.

**EXPERT WITNESS TESTIMONY**

The Parties agreed to continue the hearing until May 12, 2020, to allow for an appraisal of the Property. The Declaration of David Dorman was filed on April 22, 2020. Dckt. 89. Exhibit B, Dckt. 90, is a copy of Mr. Dorman's appraisal, stating his opinion of value of the Property to be $465,000.00.

Unfortunately, there was a clerical error in the filing of his declaration, with the wrong signature page attached. *See* page 2 of the Dorman Declaration.

At the May 12, 2020 hearing, counsel for the Debtor requested a short continuance so the error may be corrected.

On May 20, 2020, the Dorman Declaration, with the clerical error corrected was filed. Dckt. 137.

**DISCUSSION**

The court has reviewed the corrected declaration that has been filed and confirms that the testimony provided therein has not been changed.

The senior in priority first  deed of trust secures a claim with a balance of approximately $492,301.19.  Creditor's junior judgment lien secures a claim with a balance of approximately $70,448.41.  The Property having a value of $465,000.00, Creditor's claim secured by a junior judgment lien is completely under-collateralized.  Creditor's secured claim, to the extent that this Property is the collateral, is determined to be in the amount of $0.00, the value of the collateral that exists in this Property for this claim. *See* 11 U.S.C. § 506(a); *Zimmer v. PSB Lending Corp. (In re Zimmer)*, 313 F.3d 1220 (9th Cir. 2002); *Lam v. Investors Thrift (In re Lam)*, 211 B.R. 36 (B.A.P. 9th Cir. 1997).  The valuation motion pursuant to Federal Rule of Bankruptcy Procedure 3012 and 11 U.S.C. § 506(a) is granted.

Because the abstract of judgment could may apply to other properties in Yuba or other

3

1    counties not now before the court, the determination is limited to the amount of the claim which is

2    secured by the Property.

3    **Dated:** May 27, 2020                    **By the Court**

4

5

6    Ronald H. Sargis, Judge

7    United States Bankruptcy Court

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# Instructions to Clerk of Court
### Service List - Not Part of Order/Judgment

**The Clerk of Court is instructed to** send the Order/Judgment or other court generated document transmitted herewith *to the parties below*.  The Clerk of Court will send the document via the BNC or, if checked _____, via the U.S. mail.

| **Debtor**(s) | **Attorney for the Debtor**(s) (if any) |
|---|---|
| **Bankruptcy Trustee** (if appointed in the case) | Office of the U.S. Trustee<br>Robert T. Matsui United States Courthouse<br>501 I Street, Room 7-500<br>Sacramento, CA 95814 |
| **Attorney for the Trustee** (if any) | |